EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Arribas & Assoc., Inc.<br><br>Recurrida<br><br>v.<br><br>Santa Clara C. Por A.<br><br>Peticionaria | Certiorari<br><br>2005 TSPR 143<br><br>165 DPR ____ |

Número del Caso: CC-2005-255

Fecha: 3 de octubre de 2005

Tribunal de Apelaciones:

>    Región Judicial de San Juan, Panel III

Juez Ponente:

>    Hon. Rafael Ortiz Carrión

Abogada de la  Parte Recurrida:

>    Lcda. Wilma I. Cadilla Vázquez

Abogado de la Parte Peticionaria:

>    Lcdo. Luis R. Mellado González

Materia:  Revisión  de  decisión  administrativa  emitida  por  el
          Departamento de Estado, División de Marcas

Este  documento  constituye  un  documento  oficial  del  Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de  compilación  y  publicación  oficial  de  las  decisiones  del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Arribas & Assoc., Inc.

   Recurrida

    v.                           CC-2005-255  Certiorari

Santa Clara C. por A.

   Peticionaria


Opinión del Tribunal emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON


San Juan, Puerto Rico, a 3 de octubre de 2005.

El presente recurso nos permite examinar la figura del registro de marcas sin uso previo y determinar si las marcas así inscritas están sujetas a un plazo de tiempo en el que deben ser utilizadas.

I.

El 23 de abril de 1998, Arribas & Asociados, Inc. (en adelante Arribas) solicitó al Departamento de Estado de Puerto Rico que registrara a su favor la marca "Santa Clara" para agua mineral. En su solicitud, Arribas indicó que la marca no había sido utilizada en el comercio en Puerto Rico. Conforme dispone la Ley de Marcas de Puerto Rico, Ley Núm. 63

de 14 de agosto de 1991, 11 LPRA sec. 171 *et seq.* (en adelante Ley de Marcas), Arribas anejó copia del diseño de la marca que se utilizaría.

Poco tiempo después, Santa Clara C. por A. (en adelante SCCA) solicitó al Departamento de Estado de Puerto Rico que registrara a su favor la misma marca con esencialmente el mismo diseño, también para agua mineral. Al igual que ocurrió con Arribas, SCCA indicó en su pedido que la marca no se había utilizado en el comercio en Puerto Rico.

Luego de ciertos trámites procesales, el Departamento de Estado examinó la solicitud de Arribas y determinó que podía proceder el registro, por lo que ordenó que se publicara un "clisé" de la marca Santa Clara en un periódico de circulación general. Arribas así lo efectuó y acreditó al Departamento de Estado.

Así las cosas, el Departamento de Estado denegó la solicitud de registro instada por SCCA. Indicó que la Ley de Marcas prohíbe el registro de una marca ya inscrita o conocida que pertenezca a otro y se use en productos de las mismas propiedades descriptivas. Añadió que otra entidad (refiriéndose a Arribas) había solicitado previamente el registro de la misma marca de fábrica.

Oportunamente, SCCA solicitó la reconsideración de la decisión. Poco después presentó una oposición al registro de la marca Santa Clara a favor de Arribas.

Arguyó que era la dueña y creadora de la marca y diseño Santa Clara por cuanto venía usándola para identificar sus botellas de agua mineral en la República Dominicana, país en el que está constituida como entidad legal, por espacio de más de diez años. Indicó que antes de presentar su solicitud de registro, había llevado su producto, con la marca adherida, a una feria de exposición de alimentos celebrada en Puerto Rico. Teorizó que allí Arribas se había enterado de la existencia de la marca y, aun sabiendo que tenía dueño, había intentado registrarla y apropiársela. Agregó que Arribas no había creado la marca y diseño de Santa Clara y que jamás los había utilizado en lugar alguno.

Arribas replicó y expuso que el hecho de que SCCA fuese dueña de la marca Santa Clara en la República Dominicana no constituía un impedimento para que Arribas efectuara el registro de la misma marca en Puerto Rico. Apuntó que a falta de uso o solicitud de registro previos a la solicitud de Arribas, SCCA carecía de fundamento legal para oponerse al registro de la marca a favor de Arribas.

El Departamento de Estado consolidó las solicitudes y eventualmente citó a una vista de estado de los procedimientos. A partir de ese momento se inició un trámite procesal accidentado. Finalmente, en junio del 2003, y sin haber celebrado aún la vista administrativa en su fondo, SCCA solicitó la adjudicación sumaria del

caso. Más tarde, y ante la negativa del Departamento de Estado de adjudicar sumariamente el asunto, SCCA renunció a su derecho a presentar evidencia en la vista administrativa y sometió el caso a base del expediente.

Tanto la solicitud de adjudicación sumaria como la sumisión por el expediente respondían a la contención de SCCA que Arribas había perdido su derecho prioritario por no haber acreditado que había usado la marca. Alegó que, conforme a la propia Ley de Marcas y al Reglamento de Procedimientos del Registro de Marcas del Departamento de Estado de Puerto Rico, Reglamento Núm. 4638, aprobado el 21 de febrero de 1992, una marca cuyo registro se ha solicitado bajo la modalidad de intención de uso debía ser utilizada en un periodo de cinco (5) años.

No obstante los argumentos de SCCA, y a recomendación del oficial examinador a cargo del caso, el Departamento de Estado emitió Resolución en la que declaró sin lugar la solicitud de registro y oposición presentadas por SCCA y ordenó el registro de la marca a favor de Arribas. Cabe notar que el oficial examinador concluyó, entre otras cosas, que no existía disposición legal alguna que requiriese que el solicitante de una marca la tuviese que utilizar dentro del término de cinco (5) años. Señaló también que en virtud de la Ley de Marcas, el derecho a una marca se adquiere por el registro válidamente efectuado.

De esa determinación recurrió SCCA al Tribunal de Apelaciones. Dicho foro confirmó al Departamento de Estado y expresó que, en vista de que SCCA había renunciado a presentar evidencia que demostrase que tenía mejor derecho que Arribas sobre la marca, sus contenciones habían quedado huérfanas de prueba que las apoyara.

Inconforme, SCCA acudió ante este Tribunal. Examinada la petición de certiorari, ordenamos a Arribas a comparecer y mostrar causa por la cuál no debíamos revocar el dictamen recurrido. Le invitamos a expresarse particularmente sobre el término para utilizar en el comercio una marca cuyo registro se ha solicitado bajo el fundamento de intención de uso y las consecuencias de no usar la marca en ese tiempo. Arribas compareció y expuso que la Ley de Marcas no indica un plazo para utilizar una marca cuyo registro se ha solicitado sin uso previo, y que el Reglamento dispone que en caso de un registro efectuado bajo esas circunstancias, la parte registrante cuenta con cinco (5) años a partir de la fecha de registro para presentar evidencia de uso "para su archivo". Arguye Arribas que esa regla es inaplicable por cuanto no ha obtenido el registro de la marca ni la ha utilizado porque SCCA la ha mantenido ocupada con el litigio. Añade, además, que nada preceptúa esa disposición en torno a las consecuencias de no acreditar oportunamente el uso de una marca.

Ante las comparecencias de las partes, procedemos a expedir el auto y resolver.

II.

Recientemente, en Arribas & Associates, Inc. v. American Home Products, 2005 TSPR 128, res. el 14 de septiembre de 2005, atendimos una controversia que también implicaba los derechos que Arribas alegaba tener sobre una marca que no había utilizado previamente. En aquella ocasión Arribas había logrado el registro en el Departamento de Estado de Puerto Rico de una marca que otra compañía ya había usado en Estados Unidos y que posteriormente fue registrada en la Oficina de Patentes y Marcas al amparo de las disposiciones federales sobre el asunto.[1] Para resolver la controversia sobre la titularidad de la marca, acudimos en primer lugar a la Ley de Marcas de Fábrica, Ley Núm. 63 de 14 de agosto de 1991, 10 LPRA sec. 171 et seq (en adelante Ley de Marcas). Al analizar dicha ley, expresamos que las marcas se adquieren por su uso o por su inscripción en el Registro de Marcas del Departamento de Estado. Arribas, supra, pág. 5, 10 LPRA sec. 171a. Añadimos que, según surge del texto e historial legislativo de la Ley de Marcas, se puede inscribir una marca aun cuando ésta no haya sido usada previamente en el comercio. Arribas, supra, pág. 4-5.

---

[1] 15 U.S.C.A. sec. 1051 et seq., conocida popularmente como la Ley Lanham.

Ahora bien, ya sea para registrar una marca de la que, en virtud de su uso, ya se es dueño, o para inscribir aquélla cuya propiedad se espera adquirir mediante el registro, deben cumplirse con una serie de requisitos y procedimientos. El proceso se inicia con la presentación de una solicitud a esos efectos al Departamento de Estado. *Véase*, 10 LPRA sec. 171b. Junto con esa solicitud, se debe presentar una declaración jurada que acredite que según el mejor conocimiento y creencia del solicitante ninguna otra persona tiene derecho a usar la marca en Puerto Rico. *Id.* Asimismo, deben pagarse los correspondientes derechos y presentarse facsímiles de la marca según se usa o se piensa utilizar en el comercio. *Id.* La marca que se solicite registrar, además, no deberá caer bajo ninguna de las prohibiciones que contiene el Art. 5 de la Ley, en donde se enumeran una serie de características que impiden el registro. 10 LPRA sec. 171c.

Cumplido el trámite inicial y presentada una solicitud de registro de una marca de forma cónsona con la Ley de Marcas, le corresponde al Secretario de Estado examinar la misma. 10 LPRA sec. 171e. Si el Secretario determina que es rechazable el registro de la marca, así se lo notificará al solicitante, con las explicaciones pertinentes. *Id.* Por el contrario, si resulta que procede el registro de la marca, se le pedirá al solicitante que publique su nombre y dirección, un

"clisé" de la marca y una identificación de la clase de artículo al que se aplica o aplicará la marca en un periódico de circulación general diaria del país. *Id.* El solicitante deberá entonces acreditar al Departamento de Estado que se efectuó la publicación y la fecha en que ello ocurrió. *Id.*

A partir de la publicación del "clisé" de la marca y demás información, comienza a transcurrir un periodo de treinta (30) días para que cualquier persona que se considere perjudicada por el registro prospectivo presente un escrito de oposición en que exprese sus fundamentos. 10 LPRA sec. 171f. De no presentarse una oposición oportuna, el Secretario inscribirá la marca y expedirá su correspondiente certificado de registro. *Id.* **Los efectos de la inscripción se retrotraerán a la fecha de presentación de la solicitud.** 10 LPRA sec. 171e.

Aun de no existir un escrito de oposición como tal, la inscripción de una marca puede enfrentar problemas si se ha presentado otra solicitud que pretenda registrar una marca muy similar. En ese caso, cuando están pendientes de registro dos marcas cuya inscripción sea incompatible, el Secretario deberá decidir cuál de ellas tiene derecho a registrarse. 10 LPRA sec. 171g.

Este esquema de registro que provee la Ley de Marcas encuentra su complemento en las provisiones reglamentarias. Según autoriza la propia ley, 10 LPRA sec. 171u, y de acuerdo al trámite prescrito por la Ley

de Procedimiento Administrativo Uniforme, 3 LPRA sec. 2101 et seq., el 21 de febrero de 1992 el Departamento de Estado aprobó el Reglamento Núm. 4638, Reglamento de Procedimientos del Registro de Marcas (en adelante el Reglamento). En él se aclaran y especifican las etapas y requisitos del trámite necesario para el registro de una marca.

Respecto a los registros de marcas sin uso previo, el Reglamento permite certificar el uso de una marca a través de dos mecanismos diferentes. Así, en primer término, la Sec. 24 del Reglamento autoriza la enmienda de una solicitud para incluir una fecha de uso en el comercio. Dicha sección reza, en parte:

> C.   En el caso de una solicitud presentada para una marca que no haya sido usada, se podrá enmendar la solicitud para indicar la fecha del primer uso en el comercio presentando una declaración jurada a esos efectos y la evidencia de uso que le pueda ser requerida al solicitante.

De no proceder de acuerdo a lo dispuesto en la Sec. 24, se podrá emplear el segundo mecanismo de acreditación de uso de la marca. Así, si se continúa tramitando la solicitud como una sin uso previo y eventualmente ésta prospera y se logra inscripción, deberá atenderse a lo dispuesto por la Sec. 42:

> Siempre que se haga uso de una marca en el comercio con posterioridad a la fecha del registro de dicha marca, se presentará para su archivo una declaración jurada de uso, 5 facsímiles sueltos de la marca tal y como se usa en el producto o en relación a [sic] los

> servicios y la evidencia de uso que le pueda ser requerida por el Secretario. Dicha declaración deberá presentarse dentro de los 5 años siguientes a la fecha del registro.

Esta sección ordena que se acredite el uso de la marca que ha sido registrada en un término de cinco (5) años.  Se trata de una disposición de carácter forzoso, cuyo lenguaje deja claro que no queda a discreción del titular registral cumplir o no con la obligación preceptuada.

La sec. 42 obliga, pues, a todo titular que haya obtenido el registro de una marca que no había usado previamente a utilizarla y así acreditarlo.  El plazo que concede tanto para hacer uso de la marca como para notificárselo al Departamento de Estado es de cinco (5) años desde la fecha de registro.  Nótese, sin embargo, que la Ley de Marcas dispone que los efectos de la inscripción se retrotraen a la fecha de la presentación de la solicitud.  10 LPRA sec. 171e. **Por lo tanto, cuando una marca se registra sin haberse usado, el titular tiene un periodo de hasta (5) cinco años desde que solicitó la inscripción para comenzar a utilizar la marca en el comercio e informarlo al Departamento de Estado.**

Por último, cabe destacar que aun cuando la sec. 42 del Reglamento no especifica qué consecuencias tendrá el incumplimiento de la obligación allí prescrita y no empece la expresión de que la evidencia de uso presentada

será "para su archivo", su texto no puede dejarse sin efecto práctico por esa razón.  Debe tenerse en cuenta que el propósito legislativo al facultar el registro de marcas fue ofrecer una protección a las marcas en vías de desarrollo.  *Véase,* Informe Conjunto de las Comisiones de Cooperativismo, Comercio y Fomento Industrial y de lo Jurídico sobre el P. del S. 995, de 19 de junio de 1991. Lo que se contemplaba, pues, era inscribir marcas que al momento del registro todavía no habían sido utilizadas en el comercio pero que en definitiva se encaminaban hacia esa meta.  Ello no es equivalente a permitir el registro de marcas que quedarían indefinidamente bajo la categoría de "intención de uso".  De ahí que la sec. 42 del Reglamento sea un complemento imprescindible a la figura del registro sin uso previo.  Mediante esta sección se garantiza que las marcas que subsistan en el Registro respondan a la realidad del comercio puertorriqueño y al mismo tiempo se provee un amplio plazo de cinco (5) años a partir de la presentación de la solicitud para culminar la etapa de desarrollo que se quiso proteger y comenzar el uso de la marca.[2]

---

[2] Compárese con el esquema provisto en la Ley Lanham, legislación federal aplicable a la materia de marcas y que  permite la solicitud mas no el registro de una marca sin uso previo.  Además, para que la solicitud prospere en esas circunstancias, el solicitante deberá utilizar la marca en un término de seis meses, permitiéndose una prórroga de otros seis meses y prórrogas adicionales por justa causa por periodos que, en conjunto, no sumen más de veinticuatro (24) meses. *Véase*, 15 U.S.C.A. sec. 1051 (d).

Ante los propósitos que persigue la Sec. 42, el lenguaje que en ella se utiliza y el historial legislativo de la Ley de Marcas, nos parece forzoso concluir que los beneficios que provee el registro de una marca sin uso previo, empezando por el derecho a apropiarse de la marca a través del registro, se pierden si el titular envuelto no acredita haber usado la marca en el plazo prescrito. El cumplimiento con la Sec. 42 del Reglamento es una condición necesaria para la subsistencia de ese tipo de registro.

III.

Repasemos los hechos pertinentes al caso de autos para entonces aplicar el derecho. El 23 de abril de 1998, Arribas solicitó el registro de la marca Santa Clara para botellas de agua, marca que no había usado. A ese registro se opuso SCCA, que también había solicitado el registro de la marca. Mientras estaba pendiente de dilucidación la oposición de SCCA --y por consiguiente el derecho de Arribas a inscribir-- transcurrieron cinco (5) años desde la fecha en que Arribas presentó su solicitud de registro de la marca Santa Clara.

Ante el hecho que en esos cinco (5) años Arribas no había enmendado su solicitud para hacer constar una fecha de uso ni había acreditado de forma alguna que hubiese utilizado la marca en el comercio, SCCA adujo que ello era suficiente para que se declarase sin lugar la solicitud de Arribas. Por lo tanto, renunció a sus otros

planteamientos y a la vista administrativa y sometió el caso por el expediente. En esencia lo que estaba solicitando SCCA era que el Departamento de Estado concluyera, como cuestión de derecho, que no procede el registro de una marca solicitada sin uso previo cuando luego de cinco (5) años de presentada la solicitud, el solicitante no ha provisto evidencia de su uso de la marca en el comercio. Le asiste la razón.

Como hemos visto, quien registra una marca que no ha usado previamente tiene, necesariamente, que evidenciar el uso de ella en la manera preceptuada dentro del término de cinco años desde la fecha en que solicitó la inscripción. Con ello se asegura el cumplimiento del propósito legislativo de registrar marcas en vías de desarrollo y no meras intenciones difusas o irreales de utilizar una marca en un futuro indefinido. El mecanismo de registro de marcas sin uso previo no puede servir para ofrecer protección legal a aquéllos que interesan reservar indefinidamente un símbolo que no están utilizando y así excluir a cualquier posible usuario del derecho a mercadear la marca.[3]

Es necesario reconocer, sin embargo, que aun cuando el plazo de cinco años al que se refiere la Sec. 42 del

---

[3] De la misma forma, un titular registral no puede pretender mantener un derecho exclusivo sobre una marca cuyo uso ha abandonado. El abandono constituye una causal de cancelación privilegiada y, contrario a otras razones para la cancelación de un registro, puede ser levantada durante toda la vigencia del referido registro. *Véase*, 10 LPRA sec. 171q.

Reglamento se retrotrae a la fecha de presentación de la solicitud, la obligación en sí que ella impone no madura hasta tanto se logre el registro. No obstante, permitir el registro de una marca cuya solicitud de registro está basada en el presupuesto de uso futuro y que tiene más de cinco años de presentada equivaldría a autorizar una inscripción en violación al Reglamento. Recuérdese que en cuanto se conceda el registro, el efecto se retrotraerá a la fecha de presentación de solicitud, por lo que el registrante de una marca en la circunstancia antes descrita estaría automáticamente incumpliendo su obligación de evidenciar el uso de la marca en los cinco años siguientes a la fecha de su solicitud.

Determinamos, por ende, que luego de cinco años desde la presentación de una solicitud para el registro de una marca sin uso previo, si la marca aún no ha sido inscrita ya no procederá su registro. De este modo no se autorizarán marcas en violación a los requisitos legales, entre los cuáles deben contarse los impuestos por el Reglamento.[4] En los casos en que el proceso de registro resulte particularmente largo, el solicitante siempre podrá preservar su derecho sin subvertir la naturaleza del Registro a través del mecanismo de enmienda que provee la Sec. 24 del Reglamento. Nótese que el hecho de

_____

[4] Por estar ante un Reglamento que contiene reglas legislativas, éste tiene fuerza de ley. *Véanse,* Tosado Cortés v. Autoridad de Energía Eléctrica, 2005 TSPR __, res. el 12 de agosto de 2005; Demetrio Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, §3.3, pp. 124-125 (2da Ed.).

que esté pendiente un proceso administrativo no le impide al solicitante culminar el desarrollo del producto o servicio cuya marca solicitó inscribir.

En vista de lo anterior, erró el Departamento de Estado al ignorar su propio Reglamento, determinar que no existía plazo alguno en el que se tuviera que utilizar una marca cuya solicitud se había basado en uso futuro y conceder el registro de la marca Santa Clara a favor de Arribas. Por consiguiente, erró también el Tribunal de Apelaciones al confirmar la Resolución del Departamento de Estado.

IV.

Falta por aclarar, únicamente, que el hecho que no proceda el registro a favor de Arribas no implica que SCCA tenga derecho a inscribir la marca. En este caso Arribas y luego SCCA solicitaron registrar "Santa Clara" sin haberla usado previamente. Por tratarse de dos solicitudes sobre la misma marca, el Secretario tenía que decidir quién tenía derecho al registro. 10 LPRA sec. 171g.

El Departamento de Estado entonces citó a una vista en la que las partes debían presentar prueba. SCCA, sin embargo, **renunció** a la vista y sometió el caso por el expediente. A ello se allanó Arribas, pero indicó que no se debían tomar en consideración los documentos presentados por SCCA que alegadamente apoyaban su mejor derecho a la marca, por cuanto no habían sido

autenticados. De ahí que el Departamento de Estado sólo podía dilucidar si las solicitudes de las partes se habían tornado improcedentes por el transcurso de cinco (5) años desde la presentación de la solicitud sin que se acreditara el uso de la marca.

Aun cuando tenía razón SCCA que no procedía el registro a favor de Arribas por esa razón, obvió que tampoco podía inscribirse la marca a nombre suyo porque le aplicaba la misma disposición. Al momento de SCCA someter el caso por el expediente, habían pasado más de cinco (5) años desde que presentó su solicitud basándose en uso prospectivo. Aunque en el transcurso de ese tiempo había presentado ciertos documentos que argumentaba sostenían su uso de la marca, al renunciar a la vista perdió la oportunidad de autenticarlos y de probar esa alegación. Por lo tanto, el Departamento de Estado estaba impedido de pasar juicio sobre ese asunto.

Nótese que por tratarse de dos solicitudes presentadas de manera casi simultánea y que se referían a una misma marca, no aplicaba el trámite usual de inscripción. En vez, la situación estaba contemplada específicamente en una sección de la ley que facultaba al Secretario a decidir cuál de las partes era la verdadera dueña de la marca. *Véase*, 10 LPRA sec. 171g. Por estar involucrada en un procedimiento adversativo especial, SCCA no podía obviarlo, específicamente la vista

evidenciaria, sin que ello la dejara desprovista de su oportunidad de probar su mejor derecho al registro.

Lo anterior no es óbice, sin embargo, para que cualquiera de las partes posteriormente use la marca e inicie un nuevo trámite para registrarla. En ese caso, se procederá con el registro de forma cónsona con la Ley de Marcas, el Reglamento y las órdenes que la agencia tenga a bien emitir.

V.

Por los fundamentos antes expuestos, se expide el auto de certiorari. Se revoca aquella parte del dictamen del Tribunal de Apelaciones que confirmó la inscripción del registro núm. 42,679 de la marca "Santa Clara" a favor de Arribas & Assoc., Inc. Se confirma al referido foro, sin embargo, en cuanto sostuvo la determinación del Departamento de Estado de que no procede la solicitud de registro de "Santa Clara" presentada por Santa Clara C. por A.

Se dictará Sentencia de conformidad.

FEDERICO HERNÁNDEZ DENTON
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Arribas & Assoc., Inc.

   Recurrida

     v.                                CC-2005-255  Certiorari

Santa Clara C. por A.

   Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 3 de octubre de 2005.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de certiorari. Se revoca aquella parte del dictamen del Tribunal de Apelaciones que confirmó la inscripción del registro núm. 42,679 de la marca "Santa Clara" a favor de Arribas & Assoc., Inc. Se confirma al referido foro, sin embargo, en cuanto sostuvo la determinación del Departamento de Estado de que no procede la solicitud de registro de "Santa Clara" presentada por Santa Clara C. por A.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo